IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | CV 23–48–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| WILD HORSE TRADING CO., LLC, RYAN HART, STEVEN BLANCHARD, and ROXANNE BLANCHARD, | |
| Defendants. | |

Plaintiff Scottsdale Insurance Company ("Scottsdale") seeks leave to file a Third Amended Complaint (Doc. 33) pursuant to Federal Rule of Civil Procedure 15 and this Court's November 17, 2023 Scheduling Order, (Doc. 27). (Doc. 33.) Defendants Wild Horse Trading Co., LLC ("Wild Horse") and Steven and Roxanne Blanchard (the "Blanchards") oppose the motion, but Ryan Hart does not. (Doc. 33 at 2; Docs. 36, 37.) For the reasons discussed below, the motion is granted.

### BACKGROUND

On January 13, 2023, the Blanchards filed a State Court Complaint in the Montana Fourth Judicial District Court, Missoula County, against Wild Horse

1

Contracting Services, LLC, Ryan "Doe," Pacific Western Lumber, Inc., Nautilus Insurance Company, and Nationwide Insurance Company. (Doc. 28 at ¶ 14.) The Complaint alleged that Wild Horse and its employee, Ryan Doe (later amended to "Hart"), negligently caused a 7,000-pound wood-pole bundle to fall off a trailer and onto Steven Blanchard while he was tying up another load, resulting in catastrophic and permanent injuries. (*See* Doc. 1-2 at 2 (First Amend. Compl.).) In addition to damages, the Blanchards sought declaratory judgment and alleged common law bad faith against the defendant insurance companies. (*See generally id.*)

The Blanchards filed an Amended State Court Complaint on February 1, 2023, in which they replaced Wild Horse Contracting Services with Wild Horse and Nationwide Insurance Company with Scottsdale as named defendants. (Doc. 28 at ¶ 15; Doc. 1-2.) They then filed a Second Amended State Court Complaint on February 5, 2024, adding Wild Horse Contracting and Jason Subatch as named defendants. (Doc. 34 at 2; Doc. 33-3.) The Second Amended State Court Complaint alleges that Subatch is the owner of Wild Horse and that Wild Horse Contracting is an assumed business name for Subatch and Wild Horse, collectively referring to the trio as "Wild Horse." (Doc. 33-3 at ¶¶ 4–5.)

Wild Horse and Hart demanded coverage under a commercial policy issued by Scottsdale. (Doc. 28 at ¶ 8.) Scottsdale agreed to provide a defense to both

2

under a reservation of rights. (*Id.* ¶¶ 28–30.) In response to the Second Amended State Court Complaint, Subatch also tendered defense and indemnification to Scottsdale, and Scottsdale is now defending all three defendants under a reservation of rights. (Doc. 34 at 2.) In this declaratory judgment action, Scottsdale seeks a declaration that it has no duty to defend or indemnify, in whole or in part, in the underlying action. (Doc. 28 at 24.) In the instant motion, Scottsdale seeks to file a Third Amended Complaint to add Subatch as a defendant in this action and to address additional substantive allegations in the underlying action's Second Amended State Court Complaint. (Doc. 34 at 2.)

## LEGAL STANDARD

A party seeking to amend its pleadings after the deadline in the Scheduling Order must show "good cause" for amendment. (*See* Doc. 27 at ¶ 3 (citing Fed. R. Civ. P. 16(b)(4).) Good cause exists if the pretrial deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). Only once good cause is established under Rule 16(b) does the more liberal amendment standard under Rule 15(a) apply, which asks whether "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.* at 607.

## ANALYSIS

Scottsdale argues good cause exists because the information upon which it relies in seeking to amend its complaint only came to light when the Blanchards filed their Second Amended Complaint in the underlying action, nearly two months after the December 15, 2023 deadline for amending the pleadings in this case. Scottsdale further argues amendment does not prejudice the opposing parties because all parties have been engaged in discovery and the deadlines for the close of discovery and motions have not yet passed.[1]

Wild Horse does not appear to challenge good cause, but argues (1) the motion is in bad faith and amendment will result in undue delay because Scottsdale has known of its duty to defend and indemnify Subatch all along; (2) amendment will result in prejudice to Scottsdale's insureds by adding time and expense "without an opportunity to engage in discovery related to the amendment they propose"; and finally, (3) the amendment is futile under the reasonable expectations doctrine. (*See generally* Doc. 36.) The Blanchards argue that because their Second Amended State Court Complaint does not add any new

---

[1] Although the expert disclosure deadline has passed, Scottsdale points out that none of the parties disclosed experts, and in any event, the proposed amendments do not add allegations that would require expert testimony. The Blanchards apparently disagree with this assessment, but "the parties may stipulate to the extension of any of the [] deadlines that precede the motions deadline," and "the Court will not issue an order to confirm or adopt such stipulations." (Doc. 27 at 3.)

4

allegations concerning the conduct of Scottsdale or its named insured, Wild Horse Trading, and Scottsdale fails to articulate how naming Subatch changes its liability at this late juncture, it has failed to establish good cause.  Regarding the Rule 15(a) factors, the Blanchards argue Scottsdale's motion should be denied because "granting leave to amend will prejudice defendants, allow continuance of Scottsdale's bad faith, and result in undue delay . . . if the upcoming deadlines are extended—which they surely must be." (Doc. 37 at 12–13.)

Ultimately, Scottsdale has established good cause for amendment.  It was the Blanchards' decision to amend in the underlying action that precipitated Scottsdale's amendment here.  While the defendants insist Scottsdale could have been more proactive, their own amendment in the case below belies the reasonableness of that assertion.  Regarding the Rule 15(a) factors, the defendants argue both futility and prejudice resulting from the need to engage in further discovery.  These concerns are once again belied by the fact that the Blanchards insist the amendment in the case below does not change Scottsdale's obligations or fundamental position in this case; they cannot have it both ways.  Moreover, these concerns do not outweigh Scottsdale's interest in ensuring that the present action fully and fairly adjudicates all its coverage obligations arising from the underlying action.

## CONCLUSION

Accordingly, IT IS ORDERED that Scottsdale's motion for leave to amend (Doc. 33) is GRANTED. Scottsdale shall file its Third Amended Complaint by April 15, 2024. Defendants shall file their Answers or other responsive pleadings on or before April 22, 2024. The November 17, 2023 Scheduling Order (Doc. 27) remains in full force and effect in all other respects.

DATED this 12th day of April, 2024.

_____
Donald W. Molloy, District Judge
United States District Court